Jean Ratto LARKIN; Jeffrey Ratto; Robert Ratto, Plaintiffs—
Appellants,

v.

ITT/HARTFORD, aka ITT Hartford Insurance Group, Defendant—
Appellee.

No. 99–16721.
D.C. No. CV–96–01575–CRB.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 15, 2002.

Decided May 7, 2002.

Before SNEED, BRUNETTI, and T.G. NELSON, Circuit Judges.

## MEMORANDUM *

Jean Larkin, Robert Ratto and Jeffrey Ratto ("Insureds") appeal a myriad of issues, including denial of emotional distress and punitive damages, loss of opportunity damages, statute of limitations application, bad faith findings, refusal to allow discovery on privileged information, and the district court's order to arbitrate. Insureds raise two central arguments: first, the district court failed to make a finding whether Insureds were denied a defense by Hartford's decision to provide only a limited defense in an action brought against Insureds (the *Navone* action), and second, that the district court erred in finding that Hartford's pro rata defense policy was reasonable.

First, the district court did determine that Insureds were not denied a defense. Insureds' argument is basically that pay-

ment of a pro rata share of the defense costs is actually a denial of any defense at all. The district court rejected this argument. Both Judge Patel and Judge Breyer held that appellants' argument, which rested on a footnote in *Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 976 n. 9, 39 Cal.Rptr.2d 520 (1995), was without merit because the *Haskel* court was never asked to consider, and did not decide, that issue. The issue decided by the *Haskel* court was whether a policyholder was entitled to an immediate determination of the defense duty or whether the insurers could seek a stay of a motion for summary judgment on that issue in order to conduct discovery. *Haskel*, 33 Cal.App.4th at 973–78, 39 Cal.Rptr.2d 520. Thus, *Haskel* never ruled on whether a pro-rata defense is equivalent to no defense.

In addition, Hartford does not contest its duty to defend Insureds in the *Navone* action. Instead, it argues that it should not have to bear the entire cost of the defense. There is no evidence in the record that Hartford rejected the tender of the *Navone* defense or that it notified Insureds that it would not pay defense costs. In fact, Hartford sent Insureds a letter stating that it would participate in the defense of the *Navone* action.

Second, at the time of Hartford's decision on the policyholders' claim for defense costs in 1993–94, California law plainly did not prohibit the application of a pro rata theory of allocation to that claim. *Larkin v. ITT Hartford*, 1999 WL 459351, at *10 (N.D.Cal.1999).[1] In was not until *Aerojet–General Corp. v. Transport Indemnity Co.*, 17 Cal.4th 38, 73–74, 70 Cal.Rptr.2d 118,

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

**1.** The footnote in *Haskel, Inc. v. Superior Court*, 33 Cal.App.4th 963, 976 n. 9, 39 Cal.

Rptr.2d 520 (1995), upon which Appellants relied to argue that the issue of pro-rata allocation defense was clear was held by the district court to be without merit because *Haskell* did not actually rule on that issue.

948 P.2d 909 (1997), that the California Supreme Court clarified the issue by reversing the appellate court's conclusion that such pro rata allocation was permissible. *Id.* In addition, there existed out-of-state case law that supported Hartford's position. *Id.* at 73 n. 22, 74 n. 23, 70 Cal.Rptr.2d 118, 948 P.2d 909 (discussing out-of-state authority).

We have held that the insurer does not act in bad faith if there exists a genuine issue as to the insurer's duty to defend. *Dalrymple v. United Services Auto. Ass'n,* 40 Cal.App.4th 497, 501, 46 Cal.Rptr.2d 845 (1995). Because "there was ample room for intelligent disagreement" as to which coverage theory should apply, Hartford's position was not unreasonable or contrary to California law and therefore, Hartford should not be liable in tort for its adoption of a pro-rata allocation approach. *Clemco Indus. v. Commercial Union Ins. Co.,* 665 F.Supp. 816, 830 (N.D.Cal.1987), *aff'd* 848 F.2d 1242 (9th Cir.1988). Furthermore, once it was clear that its pro-rata policy was not the law in California Hartford agreed to reimburse policyholders for all reasonable defense costs.

Insureds claim that an insurer should be held liable in tort whenever a court ultimately rejects an insurer's reasonable judgment on an unsettled issue of law raises serious policy considerations. Insurers would risk liability everytime they face a coverage claim for which the law does not provide a clear answer if we accept appellants' unsupported argument. This result would disrupt the vital risk-spreading function of insurance by creating uncertainty as to the scope of an insurer's obligations.

As to the issue of damages, we find that the record supports the district court's denial of emotional distress, lost opportunity, and punitive damages.

We need not address the remaining claims raised by Insureds as they are without merit.

AFFIRMED.